UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv096

SAMANTHA FORREST,            )
                             )
    Claimant-Appellant,      )
                             )
vs.                          )    **O R D E R**
                             )
SPICEWOOD DEVELOPMENT, LLC,  )
                             )
    Debtor-Appellee.         )
_____)

**THIS MATTER** is before the Court on the Debtor's Motion for Rehearing [Doc. 10].

The Debtor Spicewood Development, LLC moves the Court pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure for a rehearing of this Court's February 4, 2011 Order [Doc. 9], which reversed the Order of the Bankruptcy Court [Bcy. Doc. 87] sustaining, in part, the Debtor's objection to the claim of the Appellant Samantha Forrest.

Rule 8015 provides that "a motion for rehearing may be filed within 14 days after entry of the judgment of the district court . . . ." Fed. R. Bankr. P. 8015. Because Rule 8015 fails to specify a standard of review for rehearing motions, courts generally look to Rule 40 of the Federal Rules

of Appellate Procedure for guidance.  See In re Lee, 432 B.R. 212, 216 (D.S.C. 2010).  That Rule provides, in pertinent part, that a "petition [for rehearing] must state with particularity each point or law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."  Fed. R. App. P. 40(a)(2).  A motion for rehearing "is not a means by which to reargue a party's case or to assert new grounds for relief."  In re Zegeye, No. Civ. A. DKC 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005) (citations omitted).

In its motion, the Debtor argues that the Court's Order fails to take into account the existence of other obligors who the Debtor maintains should be held equally liable for contribution.  These other obligors, however, were not before the Court, and therefore this argument serves as no basis for a rehearing of this appeal.  In any event, to the extent that there may be other co-sureties who have obligations equal to the Debtor's (thereby limiting such obligations to each other to a right of contribution), this fact would have no effect on the Court's ultimate determination that the Debtor's obligation was so different from Forrest's obligation such that Forrest was not limited only to a right of contribution.  See Hofler v. Hill, 311 N.C. 325, 316 S.E.2d 670 (1984).

The Debtor also takes issue with the Court's reading of <u>Hofler</u> and the application of that decision to the present case. Having considered the Debtor's argument, the Court finds no point of law that was overlooked or misapprehended. Accordingly, the Debtor's motion for rehearing will be denied.

**IT IS, THEREFORE, ORDERED** that the Motion for Rehearing [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 3, 2011

Martin Reidinger
United States District Judge